UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00026-MOC-WCM

| | | |
|---|---|---|
| **DAVID BROWDER AND** | ) | |
| **LUCILLE BROWDER,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **STATE FARM FIRE and CASUALTY** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on Defendant's Motion for Judgment on the Pleadings (Doc. No. 24). Having considered the motion and reviewed the pleadings, the Court enters the following Order.

## I. FACTS

On or about May 30, 2018, while Plaintiffs' home insurance policy was in full force and effect, wind from the remnants of Tropical Storm Alberto passed through Plaintiffs' property. (Doc. No. 6 at ¶ 6). The wind caused extensive damage to the Browders' property, including damage to the Browders' residence.

Plaintiffs first contacted Defendant State Farm regarding the damage on or about June 5, 2018, and made a timely claim on June 22, 2018. (Doc. No. 3 at ¶¶ 8, 11). State Farm instructed Plaintiffs to have a contractor inspect their residence. (Id. at ¶ 9). Following State Farm's instructions, Plaintiffs retained the Warren Group, Inc., a forensic engineering firm, for a July 22,

-1-

2018 inspection to determine the damage to the residence caused by Tropical Storm Alberto. The Warren Group determined that high winds from Tropical Storm Alberto lifted the exterior decks and pushed the entire residence to the east, separating the house from its foundation and making the home uninhabitable. (Id. at ¶ 12). The Warren Group further determined that there was no sign of any soil cracking or erosion under the home or around the foundation of the home, which would have been indicative of water damage. (Id. at ¶ 13). Plaintiffs also retained Bunnell Lammons Engineering ("BLE") to do a July 23, 2018 inspection of their residence. (Id. at ¶ 15). BLE also concluded that there was no evidence of soil erosion or water flowing under the house or around the foundation of the home. (Id. at ¶ 16). Both the Warren Group and BLE reports were provided to State Farm. (Id. at ¶ 17).

Separate from the inspections of the Warren Group and BLE, State Farm inspected Plaintiffs' home on July 16, 2018 (Doc. No. 11 at ¶ 11). Thereafter, State Farm retained NFC Engineering Services of North Carolina, PLLC ("NFC") to inspect Plaintiffs' home. (Id. at ¶ 14). NFC provided its report stating opinions on the cause of the foundation damages on August 7, 2018. (Id.). State Farm obtained an additional inspection of the home by EAS Professionals, Inc. ("EAS"). (Id.). EAS provided its report on September 21, 2018. (Id.).

Relying on the above inspections, State Farm denied Plaintiffs' claim on October 4, 2018 on the basis that the loss was caused by soil erosion under the home, which is excluded under the insurance policy held by Plaintiffs. (Doc. No. 3 at ¶ 18; Doc. No. 11-1).

Plaintiffs instituted this action on January 28, 2020, and Plaintiffs filed their amended complaint on April 10, 2020. (Doc. Nos. 1, 3). Plaintiffs' claims arise out of State Farm's denial

-2-

of their insurance claim following alleged storm damage at their home on or about May 30, 2018. (Doc. No. 3). Plaintiffs assert that State Farm acted in bad faith, engaged in unfair and deceptive conduct by wrongfully denying their insurance claim, and engaged in conduct in violation of N.C. GEN. STAT. § 58-63-15(11). (Doc. No. 3). In support of these causes of action, Plaintiffs allege that State Farm (1) misrepresented facts or insurance policy provisions relating to Plaintiffs' coverage, (2) refused to pay claims without conducting a reasonable investigation based upon all available information, (3) failed to attempt in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear, and (4) attempted to settle a claim for less than the amount to which a reasonable man would have believed he was entitled. (Id. at ¶¶ 39–42).

On the basis of these arguments, Plaintiffs seek six different claims for relief: (1) breach of contract, (2) declaratory judgment, (3) bad faith refusal to settle claim, (4) punitive damages, (5) Unfair Claim Settlement Practices ("UCSP") under N.C. GEN. STAT. § 58-63-15(11) and N.C. GEN STAT. § 75-1.1 et seq., and (6) Unfair and Deceptive Trade Practice ("UDTP") under N.C. GEN. STAT. § 75-1.1 et. seq. (Doc. No. 3).

On November 2, 2020, State Farm filed a Motion for Judgment on the Pleadings. (Doc. No. 24). State Farm does not seek resolution of the breach of contract or declaratory judgment claims in this motion but asks the court to dismiss Plaintiffs' bad faith, punitive damages, UCSP, and UDTP claims. (Doc. No. 25 at 19).

## II. LEGAL STANDARD

-3-

A Motion to Dismiss under 12(b)(6) and a 12(c) Motion for Judgment on the Pleadings are reviewed under largely similar standards of review. The standard for a Judgment on the Pleadings has a key difference from a 12(b)(6) motion. In a 12(c) motion, "the court is to consider the answer as well as the complaint." Cont'l Cleaning Serv. v. United Parcel Serv., Inc., 1999 WL 1939249, at \*1 (M.D.N.C. April 13, 1999) (internal citations omitted). In resolving a motion for judgment on the pleadings, the court may rely on admitted facts in the pleadings, documents attached to the pleadings, and facts contained in materials of which the court may take judicial notice. Bradley v. Ramsey, 329 F. Supp. 2d 617, 622 (W.D.N.C. 2004) (noting that the court should consider documents attached to the pleadings); Hebert Abstract Co. v. Touchstone Props., Ltd., 914 F.2d 74, 76 (5th Cir. 1990) (holding that court should consider pleadings and judicially noticed facts). In the event of conflict between the bare allegations of the complaint and any exhibit attached to a pleading, the exhibit prevails. Fayetteville Invs. v. Com. Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991) (citation omitted).

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." In resolving a motion for judgment on the pleadings, the court must accept all of the non-movant's factual averments as true and draw all reasonable inferences in the non-movant's favor. Bradley, 329 F. Supp. 2d at 622; Atwater v. Nortel Networks, Inc., 394 F. Supp. 2d 730, 731 (M.D.N.C. 2005). While the court takes all well-pleaded facts as true, conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pleaded facts, and therefore the court need not accept them. Nemet Chevrolet Ltd. v. Comsumeraffairs.com

-4-

Inc., 591 F.3d 250, 255 (4th Cir. 2009); Martinez v. Nat'l Union Fire Ins. Co., 911 F. Supp.2d 331, 335 (E.D.N.C. 2012). Judgment on the pleadings is warranted where the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. Bradley, 329 F. Supp. 2d at 622.

## III. DISCUSSION

### 1. Plaintiffs' Claim for Bad Faith Refusal to Settle

To prevail on a claim of bad faith in the insurance context, a complainant must generally establish that there was: "1) a refusal to pay after recognition of a valid claim; 2) bad faith; and 3) aggravating or outrageous conduct." Blis Day Spa, LLC v. Hartford Ins. Grp., 427 F. Supp. 2d 621, 631 (W.D.N.C. 2006) (internal quotations omitted) (citing Topsail Reef Homeowners Ass'n v. Zurich Specialties London, Ltd., 11 Fed. Appx. 225, 237, 2001 WL 565317 (4th Cir. May 25, 2001) (unpublished)(further citations omitted). "Bad faith means not based on a legitimate, honest disagreement as to the validity of the claim." Blis Day Spa, LLC, 427 F. Supp. at 631. "Aggravated conduct is defined to include fraud, malice, gross negligence, insult . . . willfully, or under circumstances of rudeness or oppression, or in a manner which evinces a reckless and wanton disregard of the plaintiff's rights." Id. (citing Dailey v. Integon Gen. Ins. Corp., 75 N.C. App. 387, 394 (1985)).

Critically in this case, Plaintiffs' claim for bad faith refusal to settle is being considered at the Rule 12 stage. There has been little development of the facts because there has been no discovery. Therefore, Plaintiffs do not yet have enough evidence to support factual allegations that meet the three elements of bad faith in the insurance context as recognized by the court in Blis Day

-5-

Spa. Nevertheless, the facts that have been alleged must be construed in favor of Plaintiffs as the non-movant.

Here, Plaintiffs allege that the damage to their home was caused by a tropical storm; therefore, State Farm is not excused from payment under any provision of the insurance policy. Plaintiffs further allege that State Farm did not consider and rejected Plaintiff's two expert assessments of the damage to their home, despite having asked Plaintiffs to contract for those evaluation services. In the pleadings, State Farm never explained why it requested Plaintiffs to hire experts to assess the property damage if they were not going to use those assessments. State Farm also failed to rebut Plaintiffs' factual claim that State Farm rejected those expert assessments without full consideration in violation of State Farm's own best practices. State Farm submitted an exhibit which states that State Farm denied Plaintiffs' claim based on State Farm's own inspections, but that exhibit did not explain if Plaintiffs' expert assessments were considered by State Farm, did not note how those expert assessments were evaluated, and did not provide any explanation for why they were rejected (See Doc. No. 11-1).

State Farm further claims that bad faith does not exist because they never accepted Plaintiffs' claim as valid. If a claim for bad faith could be avoided simply by never stating that an insurance claim is valid, then no insurance company that refused to pay a claim, regardless of the merits or circumstances of that decision, could ever be guilty of bad faith. This seems unreasonable, and the Court is unpersuaded that such a bright-line rule should apply to the insurance context.

In sum, State Farm cannot point to exhibits or evidence attached to the pleadings that

-6-

contradict Plaintiffs' factual allegation that State Farm improperly rejected the expert assessments

Plaintiffs' provided upon State Farm's request. State Farm effectively asks this Court to take its

own claims of good faith as a given. That proposition must be examined in discovery and either

confirmed or refuted at a later stage when the record has been further developed.

### 2. Plaintiffs' Claim for Punitive Damages

Plaintiffs also allege they are entitled to recover punitive damages as a result of State

Farm's alleged "fraudulent, malicious, willful and wanton conduct[.]" (Doc. No. 3 at ¶¶ 35–37).

North Carolina allows for the recovery of punitive damages when a claimant proves the

defendant is liable for compensatory damages and the defendant also acted with fraud, malice, or

engaged in willful or wanton conduct. N.C. GEN. STAT. § 1D-15. "Bad faith refusal by an insurance

company to settle a policy claim permits the recovery of punitive damages on claims for a tortious,

bad faith refusal to settle." Michael v. Metro. Life Ins. Co., 631 F. Supp. 451, 455 (W.D.N.C.

1986) (citing Dailey, 75 N.C. App. at 387). "Punitive damages are never awarded as

compensation" as they are "above and beyond actual damages, as a punishment for the Defendant's

intentional wrongdoing." Michael, 631 F. Supp. at 455 (citations omitted).

> An act is wanton when it is done of wicked purpose or when done needlessly,
> manifesting a reckless indifference to the rights of others. An act is willful when
> there exists a deliberate purpose not to discharge some duty necessary to the safety
> of the person or property of another, a duty assumed by contract or imposed by law.
> The concept of willful and wanton negligence encompasses conduct which lies
> somewhere between ordinary negligence and intentional conduct.

McCauley v. Thomas ex rel. Progressive Universal Ins. Co., 242 N.C. App. 82, 89–90 (2015)

(citations and quotation marks omitted). "In order for the Plaintiff to recover on her claim for

punitive damages [based upon a bad faith refusal to settle an insurance claim] under North Carolina

-7-

law, she would have to produce evidence that the Defendant had determined that the claim was valid and that the Defendant nevertheless refused to pay and that such refusal was in bad faith <u>with intent to cause further damage to Plaintiff</u>." <u>Michael</u>, 631 F. Supp. at 455 (emphasis in original).

The above rule is a difficult standard for Plaintiffs to meet. But at this Rule 12 stage, Plaintiffs' claims are treated as true and any inferences are construed in Plaintiffs' favor. Plaintiffs allege that Defendants rejected a rightful insurance claims and rejected that claim in bad faith because State Farm failed to consider requested expert assessments and did not explain why those assessments were ignored. Plaintiffs' complaint can be read as arguing that Defendants failed to follow their own best practices regarding following expert assessments in order to harm Plaintiffs by avoiding paying for the damage to their home.

In short, even though Plaintiffs have not proved bad faith and have not proved that State Farm intended to cause damage to Plaintiffs, those questions can only be fully resolved after the Rule 12 stage when the factual record becomes further developed.

### 3. Plaintiffs' Unfair Claim Settlement Practices and Deceptive Trade Practices Claims

Plaintiffs claim State Farm engaged in unfair claim settlement practices and unfair and deceptive trade practices by denying their claim and violating N.C. GEN. STAT. § 58-63-15(11).

To establish a claim for UDTP, a plaintiff must show "(1) an unfair or deceptive act or practice, (2) in or affecting commerce, and (3) which proximately caused injury to plaintiffs." <u>Gray v. N. Carolina Ins. Underwriting Ass'n</u>, 352 N.C. 61, 68 (2000). A practice is unfair if it "'is immoral, unethical, oppressive, unscrupulous, or substantially injurious to customers.'" <u>Branch</u>

-8-

Banking & Tr. Co. v. Thompson, 107 N.C. App. 53, 61 (1992) (quoting Johnson v. Phoenix Mut. Life Ins. Co., 300 N.C. 247 (1980)). A practice is deceptive where it has the tendency or capacity to deceive. Branch Banking & Tr. Co., 107 N.C. at 61–62.

The North Carolina Supreme Court has noted that when an insurance company engages in a practice or act constituting an unfair claim settlement practice under N.C. GEN. STAT. § 58–63–15(11), it "also engages in conduct that embodies the broader standards of N.C. GEN. STAT. § 75–1.1 because such conduct is inherently unfair, unscrupulous, immoral, and injurious to consumers." Gray, 352 N.C. at 71. "It is well recognized, however, that actions for unfair or deceptive trade practices are distinct from actions for breach of contract, and that a mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under N.C. GEN. STAT. § 75–1.1." Branch Banking & Tr. Co., 107 N.C. App. at 62 (citations omitted).

Here, Plaintiffs specifically contend that State Farm (1) misrepresented facts or insurance policy provisions relating to Plaintiffs' coverage, (2) refused to pay claims without conducting a reasonable investigation based upon all available information, (3) failed to attempt in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear, and (4) attempted to settle a claim for less than the amount to which a reasonable man would have believed he was entitled. (Doc. No. 3 at ¶¶ 39–42).

State Farm argues that this case is factually similar to Radchyshin and Currie, two cases in which the Western District of North Carolina dismissed a UDTP claim because the plaintiffs' claims were based on mere allegations that insurance companies incorrectly denied insurance claims. See Radchyshyn v. Allstate Indem. Co., No. 1:14-cv-00169, 2014 WL 4406994, at *4

(W.D.N.C. Sept. 8, 2014); <u>Currie v. Phoenix Ins. Co.</u>, No. 3:13-cv-00366, 2014 WL 320373, at \*8 (W.D.N.C. Jan. 29, 2014).  This case is factually distinguishable, because in this case, Plaintiffs allege that State Farm not only wrongfully denied their claim but did so because State Farm (1) failed to consider two different expert assessments of Plaintiffs' property damage that were requested by State Farm, (2) violated State Farm's own best practices in ignoring those expert assessments, and (3) refused to conduct a reasonable investigation of the cause of the property damage.

Even though Plaintiffs may not succeed on their UDTP claim, construing all facts and inferences in favor of Plaintiffs at the Rule 12 phase leads to the conclusion that these claims will survive the instant motion.

## IV. CONCLUSION

When applying the law governing motions for judgment on the pleadings to this case, Plaintiffs' claims for bad faith refusal to settle, punitive damages, violation of the Unfair Claims Practices Act, and violation of the Unfair Commercial Practices Act are allowed to proceed along with the breach of contract and declaratory judgment claims.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Judgment on the Pleadings (Doc. No. 24) is **DENIED.**

Signed: December 28, 2020

Max O. Cogburn Jr
United States District Judge