# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:20-cv-00026-MOC-WCM

| | |
|---|---|
| DAVID and LUCILLE BROWDER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| STATE FARM FIRE AND CASUALTY ) | |
| COMPANY, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on Defendant's Motion for Reconsideration, filed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. (Doc. No. 31). On December 28, 2020, this Court denied Defendant's motion for a Judgment on the Pleadings under Federal Rules of Civil Procedure 12(c) seeking judgment on Plaintiffs' claims for bad faith, punitive damages, and unfair and deceptive trade practices. (Doc. Nos. 24, 25). Defendant seeks reconsideration of the Court's Order on Plaintiff's bad faith and punitive damages claims on grounds that the decision rests upon an error of apprehension of the law governing claims for bad faith and resulting punitive damages. (Doc. No. 32 at 2).

The Court denies the motion because the Court did not misapprehend the law and simply denied dismissal of Plaintiff's claims under the lenient standards of Rule 12(c) motions. As Defendant notes, the Court cited the correct North Carolina requirements for stating a claim for bad faith, namely that a complainant must establish there was "1) refusal to pay after recognition of a valid claim; 2) bad faith; and 3) aggravating or outrageous conduct." (Doc. No. 28 at 5 (citing Blis Day Spa, LLC v. Hartford Ins. Grp., 427 F. Supp. 2d 621, 631 (W.D.N.C. 2006)

(internal quotations omitted)). At this early stage without any discovery, it is unclear whether Plaintiffs would be able to put forth evidence that shows that there was a recognition of a valid claim and refusal to pay. At this time, Plaintiffs have made several allegations tending to show that Defendant was acting as if the claim was valid before then deciding to entirely deny the claim.

Thirdly, North Carolina precedent seems to allow for an alternative means of bringing a bad faith claim. In addition to bringing a bad faith claim that satisfies the three elements noted above, claims for bad faith and punitive damages in North Carolina may also be maintained in breach of contract actions (such as a breach of an insurance contract) when an identifiable tort, such as bad faith refusal to settle, accompanies a breach of contract that was accomplished by some element of aggravation. See Dailey v. Integon Gen. Ins. Corp., 75 N.C. App. 387, 396 (1985) (citing Newton v. Standard Fire Ins. Co., 291 N.C. 105, 111, 112 (1976)). Plaintiffs in this case have alleged facts that may meet this standard for bad faith and punitive damages. At this early stage, the Court cannot take Defendant's own claims of good faith as a given. That proposition must be examined in discovery and either confirmed or refuted at summary judgment or trial.

Finally, the Court wants to be clear that it is not holding Defendant liable as acting in bad faith. The burden of proving bad faith lies entirely with Plaintiffs. If after discovery, or even some measure of discovery, it becomes clear that the elements of bad faith and punitive damages cannot be met by Plaintiffs, then Defendant is welcome to submit a motion for summary judgment on those claims at that time.

**ORDER**

**IT IS, THEREFORE, ORDERED that:**

(1) Defendant's Motion for Reconsideration (Doc. No. 31), is **DENIED**.

Signed: April 28, 2021

Max O. Cogburn Jr
United States District Judge